Patrick T. Gallagher, Esq.
Skakles & Gallagher
117 Main Street
Post Office Box 1413
Anaconda, Montana 59711
(406) 563-8409 - Telephone
(406) 563-8409 - Facsimile
patgallagher@qwest.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA BUTTE DIVISION
******************************************

| | | |
|---|---|---|
| WILLIAM JAMES THOMAS, SR. AND ELAINE THOMAS | ) ) | |
| Plaintiffs | ) | COMPLAINT |
| vs. | ) ) | Cause No.: CV-08-_____ |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

COME NOW, Plaintiffs WILLIAM JAMES THOMAS and his wife, ELAINE THOMAS, and for their claims for relief against the Defendant, UNITED STATES OF AMERICA, say that:

**Jurisdiction:**

1. This matter arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, et.seq. This Court is vested with jurisdiction in accordance with 28 U.S.C. § 1346(b). Venue is proper under 28 U.S.C. § 1402(b).

Page 1 ~ COMPLAINT

   2.  This Court also has ancillary and pendant jurisdiction over state law claims arising out of a common core of operative facts which are so closely related to the core matters as to be part of a single matter.

**Parties:**

   4.  Plaintiffs are residents of Anaconda, Montana.

   5.  Plaintiff William James Thomas, Sr. (Bill) is and was a veteran.  As such he was entitled to receive medical care over the course of his lifetime from the Veterans Administration.  Plaintiff Elaine Thomas is Bill's wife.

   6.  The Defendants United States of America ("United States"), is the proper party for the Department of Veterans Affairs and Veterans Administration Hospital, Fort Harrison, Montana.  The United States funds and operates a health facility, known as the Fort Harrison V.A. Hospital located in Fort Harrison, Montana, Lewis and Clark County, Montana.  Further this defendant funds and operates a health facility known as the Veterans Administration Office located in Anaconda, Montana, Deer Lodge County, Montana.

   7.  For many years Plaintiff, Bill Thomas received care and medical attention at the Veterans Administration Hospital at Fort Harrison, Montana (Fort Harrison V.A. Hospital) and the Veterans Administration Office in Anaconda, Montana (V.A. Anaconda Office).

   8.  This is a claim of medical\hospital negligence against the United States through the V.A. Anaconda Office, the Fort Harrison V.A. Hospital, and the physicians and other health care providers who were employed by and acting within the scope and

course of their employment at this hospital and V.A. Anaconda Office at the time of the acts, errors and omissions contained later in this complaint.

**Common Facts:**

9. This claim arises from the V.A. Anaconda Office and Fort Harrison V.A. Hospital and its employee physician and other health care provider's failure to diagnose Bill Thomas' cecal and colon cancer which he began exhibiting symptoms of this cancer from 2003 forward. This normally slow growing cancer's diagnoses was so late that the colon cancer finally metastasis to the liver and was finally discovered in August, 2005.

10. On March 10, 2004, the Defendant, acting by and through its employee physician performed a colonoscopy and other diagnostic tests on different dates on the Plaintiff, Bill Thomas.

11. During that colonoscopy and other testing the Defendant by and through its employee physician and other health care providers failed to recognize the cecal neoplasm which was very likely already malignant. The colonoscopy report contains major documentary deficiencies that indicate that the procedure fell well below the accepted standard of medical care. The report failed to describe the adequacy of the preparation and at least some of the landmarks viewed. In the cecum it was necessary to state that the ileocecal valve and the appendiceal orifice were seen. It is also standard to take pictures of these landmarks. The colonoscopy report fails to meet these standards and the employee physician failed to properly perform the procedure and failed to properly document the procedure. If the colonoscopy was done properly and the employee physician really reached the cecum and there was an adequate prep, the

Page 3 ~ COMPLAINT

cancerous lesion should have been seen.

12. All colon cancers arise from the mucosa (lining of the colon). These cancers are relatively slow growing and should be amenable to being diagnosed at an early stage. The route cause of the late diagnosis of Colon Cancer with metastasis to the liver in August, 2005 is related to the colonoscopy done on March 10, 2004 and other diagnostic testing performed at different times, which without a doubt missed a cecal neoplasm which was very likely already malignant.

13. These failures during the colonoscopy and other testing by the Defendant acting by and through its employee physician and other health care providers delayed the diagnosis of the Plaintiff's cancer and failed to provide him his last best chance on getting treatment to cure the cecal and colon cancer.

14. Plaintiff's Colon Cancer had metastized to his liver when he was finally diagnosed on August 2, 2005.

15. The Defendant by and through its employee physician and other health care providers owed Mr. Thomas a duty to use the same care and skill ordinarily exercised in like cases by other qualified doctors and other health care providers practicing in the same field of medicine under the same circumstances.

16. The Defendant by and through its employee physician and other health care providers were negligent in the treatment and lack of treatment and testing of Mr. Thomas and caused Mr. Thomas to suffer severe personal injury in the form of cancer spreading to his liver, past and future medical expenses, loss of household services, impairment to the capacity to pursue an established course of life, impairment to his

earning capacity, past and future loss of income, mental anguish, emotional distress, pain and suffering and an incurable cancerous condition which will eventually cause his death.

17.  The Defendant by and through its employee physician and other health care providers violated accepted standards of care that govern the proper procedures in performing a colonoscopy, failed to adequately document the procedure, failed to perform the procedure properly, failed to read the diagnostic testing and failed to perform additional testing.

18.  The Defendant's failure to diagnose Bill Thomas' cancer has resulted in a loss of consortium, aid, protection, comfort, society, affection, services, support, care, and companionship with his wife, Elaine Thomas.

19. The Defendant's failure to diagnose Bill Thomas' cancer resulted in a loss of comfort and society damages and other losses to his wife Elaine Thomas.

20.  The Defendant's failure to diagnose Bill Thomas cancer resulted in negligent infliction of emotional distress claim to his wife Elaine Thomas..

21.  An Administrative Claim for relief has been filed by Plaintiffs with appropriate Federal Agencies in a timely manner under the Federal Tort Claims Act, 28 U.S.C § 2675(a) on February 14, 2007 and May 24, 2007.  The Department of Veterans Affairs denied Plaintiff, William J. Thomas' administrative claim on December 21, 2007. The Department of Veterans Affairs denied Plaintiff, Elaine Thomas' administrative claim on February 15, 2008.

### CAUSES OF ACTION

(Each cause of action herein specifically incorporates, by reference, all

Page 5 ~ COMPLAINT

paragraphs previously set forth.)

## COUNT I
## NEGLIGENCE
## FIRST CAUSE OF ACTION

22.  This is a cause of action by Plaintiff, Bill Thomas against the Defendant for negligence resulting in personal damages to him.

## COUNT II
## LOSS OF CONSORTIUM/
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## SECOND CAUSE OF ACTION

23.  This is a cause of action by the Plaintiff, Elaine Thomas, against the Defendant for negligence resulting in the loss of consortium and a negligent infliction of emotional distress.

## COUNT III
## DECLARATORY JUDGMENT
## THIRD CAUSE OF ACTION

24.  This is a cause of action pursuant to Section 27-8-101, et.seq., MCA, for judgment declaring that Section 25-9-411, MCA, which purports to limit the total award for noneconomic damages to plaintiffs in medical negligence lawsuits to $250,000, does not apply to the claims of William J. Thomas Sr. and Elaine Thomas against the Defendant which such claims are stated more fully above; and in the alternative and to the extent that Section 25-9-411, MCA, is found to be applied to this action, a judgment declaring that Seciton 25-9-411, MCA, violates the Montana Constitution as follows:

    a.    The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to trial by jury guaranteed by Article II, Section 26 of the Montana

Page 6 ~ COMPLAINT

    Constitution.

 b. The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to full legal redress set forth in Article II, Section 16 of the Montana Constitution.

 c. The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to equal protection guaranteed by Article II, Section 4 of the Montana Constitution.

 d. The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to substantive due process set forth in Article II, Section 17, of the Montana Constitution.

 e. The arbitrary damage limitation in Section 25-9-411, MCA, violates the prohibition contained in Article II, Section 31 of the Montana Constitution, prohibiting laws purporting to grant special privileges or immunities; and

 f. The arbitrary damage limitation set forth in Section 25-9-411, MCA, violates the principal of separation of powers established by Article III, Section 1 of the Montana Constitution

25. All persons who have any claim or interest which would be affected by such declaration are parties to this litigation and such declaration will not prejudice the rights of persons who are not parties to these proceedings. The Attorney General of the State of Montana has been served with a copy of these proceedings, pursuant to Section 27-8-301, MCA.

## CLAIMS FOR RELIEF

**WHEREFORE** the Plaintiffs respectfully request the following relief:

1. The Plaintiff Bill Thomas demands judgment against the Defendant with an award of compensatory damages, costs, interest, prejudgment interest and for any other relief this Court deems proper and just as to the First and Third causes of action; and for declaratory judgment as to the Third Cause of Action, that Section 25-9-411, MCA, does not apply to this action and to the extent that it does, the arbitrary damage limitation set forth in Section 25-9-411, MCA, is unconstitutional and void.

2. The Plaintiff Elaine Thomas demands judgment against the Defendant with an award of compensatory damages, costs, interest, prejudgment interest and for any other relief as this Court deems proper and just as to the Second and Third causes of action; and for declaratory judgment as to the Third Cause of Action, that Section 25-9-411, MCA, does not apply to this action and to the extent that it does, the arbitrary damage limitation set forth in Section 25-9-411, MCA, is unconstitutional and void.

RESPECTFULLY SUBMITTED this 19th day of March, 2008.

/s/ Patrick T. Gallagher
Patrick T. Gallagher, Esq.
P.O. Box 1413
Anaconda, Montana 59711
Telephone: (406) 563-8409
Facsimile: (406) 563-8400
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I Certify that, on the 19th day of March, 2008, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| _1,2_ | CM\ECF |
| ___ | Hand Delivery |
| _3_ | Mail |
| ___ | Overnight Delivery Service |
| ___ | Fax |
| ___ | E-mail |

1. Clerk, U.S. District Court

2. William W. Mercer.
   U.S. Attorney District of Montana
   Attorney for Defendant

3. Montana State Attorney General
   Mike McGrath
   P.O. Box 201401
   Helena, Montana 59620-1401

/s/Sheila Verlanic
Sheila Verlanic, Assistant to
Patrick T. Gallagher, Esq.

Page 9 ~ COMPLAINT